**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Irma Bejines VIDALES, Defendant— Appellant.**

No. 04–16268.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2005.

Decided Aug. 4, 2005.

---

---

Lawrence G. Brown, Esq., USSAC–Office of the U.S. Attorney, Thomas W. Flynn, Esq., Sacramento, CA, for Plaintiff–Appellee.

Susan Ferguson, The Chase Law Group, Studio City, CA, for Defendant–Appellant.

Before: SILVERMAN, WARDLAW and CLIFTON, Circuit Judges.

## MEMORANDUM *

Petitioner Irma Bejines Vidales ("Petitioner") appeals the district court's denial of the habeas petition brought under 28 U.S.C. § 2255. We affirm.

■ Petitioner's trial attorney did not provide ineffective assistance of counsel by failing to locate, interview, and subpoena a potential exculpatory witness. The district court determined that although the attorney attempted to locate the witness, no one knew how to find him. This finding was not clearly erroneous. *See United States v. Lang*, 149 F.3d 1044, 1046 (9th Cir.1998). Furthermore, evidence in the record indicates that the witness did not want to be found, so even if the attorney

had taken down the witness's address at the meeting he attended with Vidales, there is no evidence supporting a conclusion that the witness would have been found at that address later. An attorney's failure to locate an exculpatory witness does not constitute ineffective assistance of counsel when evidence indicates the witness is in hiding.

■ Petitioner has also failed to demonstrate that her trial attorney actively represented conflicting interests which affected her attorney's performance. *See Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Petitioner's trial attorney testified before the district court that he did not advise the potential witness to flee, and the district court elected to favor the attorney's testimony over Petitioner's. Nothing in the record compels the conclusion that the district court's credibility determinations were clearly erroneous. In fact, the record indicates that after Petitioner fired her trial attorney, she hired a new attorney to file a motion for a new trial; however, she never told her second attorney that her trial attorney had allegedly counseled the potential witness to flee. It is implausible that Petitioner would not have related this information to her second attorney if it were in fact true.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.